IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

MICHAEL RUSS and on behalf
of those similarly situated,

    *Plaintiffs*,

                  Case No.

v.

HOME DEPOT U.S.A., INC.      COLLECTIVE ACTION REPRESENTATION

    *Defendant.*

---

**COLLECTIVE ACTION COMPLAINT FOR VIOLATION OF THE FLSA**

---

Plaintiff, Michael Russ, individually and on behalf of all others similarly situated who consent to their inclusion in this collective action, sue the above captioned Defendant, Home Depot U.S.A., Inc., for violations of the Fair Labor Standards Act.

## INTRODUCTION

1. Hourly department supervisors are made to work hours off the clock through telephone calls, emails and text messages to which they are not compensated. These hours are overtime hours as department supervisors are full time employees.

2. Plaintiff alleges on behalf of himself and other current and former department supervisors who elect to opt in to this action pursuant to 29 U.S.C. 216(b) that they are entitled to unpaid overtime wages due to off the clock work performed in response to phone calls, emails and text messages.

3. Plaintiff and those similarly situated are entitled to their unpaid overtime plus an equal amount in liquidated damages, unpaid wages, and reasonable attorneys' fees and costs.

## PARTIES

4. Plaintiff, Michael Russ, resides in Broward County, Florida.  He began working for Defendant in March 2013.  At all times relevant to this Complaint, he was employed within the meaning of the Fair Labor Standards Act.

5. Defendant, Home Depot U.S.A., Inc. ("Home Depot") is a foreign for profit corporation with its principal place of business at 2455 Paces Ferry Road, Atlanta, GA 30339.  Its registered agent is Corporation Service Company located at 1201 Hays Street, Tallahassee, FL 32301.

6. Defendant is a national corporation of thousands of retail stores.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this action raises a federal question under the Fair Labor Standards Act.

8. This Court has personal jurisdiction over Defendant because it actively maintains dozens of stores in Florida and several in this District.  Further, the events giving rise to this litigation occurred in this District.

9. Venue is appropriate in this Court under 28 U.S.C. § 1391(b) because Defendant transacts business in this District and because the acts forming the basis of this Complaint occurred in this District.

## FACTUAL ALLEGATIONS

A. <u>Coverage under the Fair Labor Standards Act.</u>

10. The Fair Labor Standards Act defines "employer" as a "person" who acts directly or indirectly in the interest of an employer in relation to an employee.[1]

11. Courts have long afforded an expansive interpretation to the term "employer" in order to effectuate the broad remedial purposes of the Fair Labor Standards Act.[2]

12. Defendant was Plaintiff's "employer" under the Fair Labor Standards Act because it paid him an hourly wage to work for Defendant on the floor of one of its stores. Moreover, Defendant controlled the terms and conditions of his employment by disbursing wages, setting work schedules, supervising conduct, reserving the right to terminate employment, and otherwise managing all conditions of employment.

13. Defendant employed more than two employees and generated more than $500,000 in gross revenue in each of the three years preceding the filing of this action.

14. As such, Defendant is subject to enterprise coverage under the Fair Labor Standards Act and is therefore bound by its terms.

15. Additionally, Plaintiff is entitled to individual coverage under the FLSA as he regularly used the channels and instrumentalities of commerce in his work.

16. The Fair Labor Standards Act extends protections to employees who are not exempt from coverage.

17. Whether an employee is exempt or non-exempt does not depend on an employer's characterization of the job, or even what the job title is. It is well established that what is dispositive is an employee's day-to-day work responsibilities.[3]

---

[1] 29 U.S.C. § 203(d).

[2] *See, e.g., Boucher v. Shaw*, 572 F.3d 1087, 1090 (9th Cir. 2009).

[3] *See, e.g., Ale v. Tennessee Valley Auth.*, 269 F.3d 680, 688-89 (6th Cir. 2001).

18. Employees are *presumed* to be non-exempt, and therefore entitled to overtime pay at a rate of time and one-half their regular hourly rate for hours worked in excess of forty hours per week.

19. Plaintiff worked as Defendant's employee within the meaning of the Fair Labor Standards Act.[4]

20. There is no applicable exemption to the Fair Labor Standards Act because Plaintiff was an hourly employee being paid overtime, albeit incorrectly. As such, Plaintiff is entitled to the Act's protections.

21. To the extent that an exemption is asserted, the burden rests with Defendant to "establish through clear and affirmative evidence that the employee meets every requirement."[5]

B.     Defendant has violated the Fair Labor Standards Act

22. Plaintiff and those similarly situated worked as hourly department supervisors. They manage other employees and are responsible for their departments, but are not paid a salary.

23. Plaintiff was paid at an hourly rate of $14.50. His overtime rate was $21.75.

24. Plaintiff was regularly scheduled to work more than 40 hours in a workweek. However, his job duties regularly required him to work more than 40 hours per week at the store. For these hours, Plaintiff was paid his overtime rate.

25. However, Plaintiff is also subject to work outside of the store through answering phone calls, emails, and text messages. For this time, Plaintiff was not compensated.

---

[4] *See* 29 U.S.C. § 203(d).

[5] *See Ale*, 269 F.3d at 691 n.4.

26. Due to his position as a department supervisor, Plaintiff was expected to know everything there is to know about his department.  Because of this, other department supervisors, managers, and/or regular employees would need him to answer questions.  Unfortunately, the timing of these questions did not always coincide with the time Plaintiff was clocked in.  They would contact him while he was not on the clock.

27. These questions were not infrequent.  On the contrary, Plaintiff was contacted regularly after hours and usually for longer than simple, short questions.

28. Plaintiff estimates that he and other department supervisors regularly worked an average of 2.5 to 5 hours weekly off the clock, or 30 to 60 minutes per day.

29. Defendants utilize a time clock to keep track of an employee's hours.  Unfortunately, Defendants have no way of keeping track of an employee's hours outside of that time clock.

30. Additionally, Defendants do not adjust their employee's hours to reflect any of this additional time.

31. Defendants have a pattern and practice of failing to compensate hourly department supervisors for their off the clock time answering calls, emails, and text messages.  Indeed, this practice occurred throughout Plaintiffs' employments with Defendants.

32. Defendants were aware of the provisions of the Fair Labor Standards Act governing overtime pay.  Accordingly, they were aware of their obligation to properly compensate their department supervisors for all hours worked.

33. Defendants failed to consult an attorney to see if failing to pay department supervisors for answering phone calls and other messages was consistent with the law.

34. Defendants failed to consult the department of labor to see if failing to pay department supervisors for answering phone calls and other messages was consistent with the law.

35. Defendants failure to pay department supervisors for all hours worked was willful and intentional.

36. Defendants failed to make a good faith effort to comply with the Fair Labor Standards Act's overtime provisions.

37. In willfully and intentionally refusing to pay Plaintiff for his off the clock working hours at a rate of time and one-half for its overtime nature, Defendants violated the Fair Labor Standards Act.

38. The foregoing conduct constitutes willful violation of the Fair Labor Standards Act.

39. Accordingly, Plaintiff is entitled to recover liquidated damages, in an amount equivalent to the amount of his owed overtime wages, under the Fair Labor Standards Act.[6]

## COLLECTIVE ACTION ALLEGATIONS

40. Pursuant to 29 U.S.C. §207 and 216(b), Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant at any time from three years prior to filing this Complaint until the entry of judgment in this case (the "Collective Action Period"), as department supervisors and other comparable positions with different titles, who were paid hourly, who did not receive proper overtime compensation for work performed off the clock in answering work related phone calls, e-mails, and/or text messages, etc. (the "Collective Action Class").

---

[6] *See* 29 U.S.C. § 216(b).

41. The Collective Action Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number is dependent, are presently within the sole control of the Defendants, upon information and belief, there are hundreds of potential members of the Collective Action Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

42. Plaintiff will fairly and adequately protect the interests of the Collective Action Class and have retained counsel that is experienced and competent in the fields of wage and hour law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

43. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual members of the Collective Action Class may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

44. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of law and fact common to Plaintiffs and other members of the Collective Action Class are:

A. Whether the Defendant employed members of the Collective Action Class within the meaning of the FLSA;

B. Whether Plaintiff received work related phone calls, emails, and text messages while off the clock from work;

C. Whether the Defendant failed to acknowledge the off the clock work of the Collective Action Class;

D. Whether Defendant failed to pay members of the Collective Action Class the proper overtime compensation for all of hours worked in excess of 40 hours per workweek in violation of the FLSA and the regulations promulgated there under;

E. Whether Defendant's violations of the FLSA are willful as that term is used within the context of the FLSA;

F. Whether the Defendant is liable for all damages claimed thereunder, including, but not limited to, unpaid wages, liquidated damages, interest, costs and disbursements, and attorneys' fees.

45. Plaintiff knows no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

**<u>COUNT I</u>**
**Unpaid Overtime Wages in Violation of the**
**Fair Labor Standards Act**
**29 U.S.C. § 207**
*As to All Defendants*

46. Plaintiff, on behalf of all those similarly situated, re-alleges and fully incorporates Paragraphs 1-45 as if fully stated here.

47. At all relevant times, Defendant was an "employer" under the Fair Labor Standards Act.

48. At all relevant times, Defendant employed Plaintiff and the Collective Action Class under the Fair Labor Standards Act.

49. As hourly employees paid overtime, members of the Collective Action Class are non-exempt under the Fair Labor Standards Act.

50. Plaintiff and members of the Collective Action Class are regularly required by Defendant to work forty or more hours per week within their store. All of these hours are compensated properly.

51. Defendant also requires Plaintiff and members of the Collective Action Class to continue working after they clock out in the form of answering work related phone calls, emails, and text messages. These hours are not compensated and are overtime in nature.

52. Accordingly, Plaintiff and members of the Collective Action Class have not received the proper compensation owed under the Fair Labor Standards Act.

53. Defendant's failure to pay Plaintiff overtime compensation for his unpaid hours of work beyond 40 hours of work in a workweek is a violation of 29 U.S.C. §§ 207 and 216(b).

54. Defendant willfully violated the Fair Labor Standards Act within the meaning of 29 U.S.C. § 255(a) by knowingly failing to pay Plaintiff and members of the Collective Action class the proper amount of overtime compensation.

55. As a direct and proximate result of Defendant's repeated violations of the Fair Labor Standards Act, Plaintiff and members of the Collective Action Class have suffered, and will continue to suffer, damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, members of the Collective Action Class pray for the following relief:

1. An order of Judgment in their favor on all applicable counts against Defendants;

2. An order of Judgment that Defendants violated the Fair Labor Standards Act by failing to compensate members of the Collective Action Class at a rate of at least time and one-half their regular rate of pay for each overtime hour worked;

3. An order of Judgment that Defendants willfully violated the Fair Labor Standards Act, 29 U.S.C. § 207, and that Plaintiff and members of the Collective Class are therefore entitled to liquidated damages;

4. An order of Judgment for owed overtime compensation, an equal amount as liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest, under 29 U.S.C. § 216 for Plaintiffs and members of the Collective Class; and

5. Any other legal and equitable relief that this Court deems just and appropriate.

## JURY DEMAND

Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all questions of fact raised by this Complaint and on all other issues so triable. Respectfully submitted this 25th day of November, 2014, by:

                                        *s/ R. Edward Rosenberg*

                                        R. Edward Rosenberg, Esq.
                                        Feldman Morgado, PA

100 N. Biscayne Blvd. Suite 2902
Miami, FL 33132
Telephone:  (305) 222-7850
Fax:  (305) 384-4676
E: <u>erosenberg@ffmlawgroup.com</u>
*Attorneys for Plaintiff*
