IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| MICHAEL RUSS, Individually and on Behalf of All Others Similarly Situated, § § § | |
| Plaintiff, § | Civil Action No. 0:14-cv-62707-DPG |
| § | |
| v. § | |
| § | JURY |
| HOME DEPOT U.S.A., INC., § § | |
| Defendant. § | |

JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND
DISMISSAL WITH PREJUDICE

Plaintiff Michael Russ and opt-in plaintiffs Sean Barrett, Daniel Aldridge, and Kenneth Andrews ("plaintiffs") and defendant Home Depot U.S.A., Inc. request that the Court approve their agreement to settle this action in its entirety. Because this settlement includes Fair Labor Standards Act (FLSA) claims, the settlement must be approved by the Court. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (citing 29 U.S.C. § 216(b)). The parties respectfully request that the Court approve this settlement, because it reflects a fair and reasonable compromise of the disputed claims in this action and thereafter dismiss the action with prejudice.

I.      BACKGROUND

On December 1, 2014, plaintiff Russ filed this potential collective action, alleging that defendant violated the FLSA by requiring him and other hourly department supervisors to work

off the clock answering telephone calls, emails, and text messages at home.  DE 1, ¶¶ 1, 3, 28.  He claims that he was not paid for this alleged off-the-clock work because defendant "had no way of keeping track of an employee's hours outside of [the store's] time clock." *Id*., ¶¶ 25, 29.  On January 6, 2015, opt-in plaintiffs Sean Barrett, Daniel Aldridge, and Kenneth Andrews filed consents to join this action.  DE 5, 6, 8.

Since this action was filed, the parties have conducted substantial discovery.  Declaration of Ashley J. Keapproth (Keapproth decl.) ¶ 3; Declaration of R. Edward Rosenberg (Rosenberg decl.) ¶ 3.  Plaintiff has served more than 65 document requests, and defendant has produced more than 2,300 pages of documents.  Keapproth decl. ¶ 3.  Defendant has served written discovery on plaintiffs, seeking text messages and emails allegedly received off the clock.  *Id*.  However, but for a handful of emails from plaintiff Andrews, plaintiffs have not produced a single email, text message, or phone record to substantiate their allegations. *Id.*  Defendant has taken the depositions of plaintiff and two of the three opt-in plaintiffs.  *Id*.

Home Depot denies any violation of the FLSA.  Home Depot has a long-standing policy prohibiting off-the-clock work and provides all hourly workers with standard forms to record time worked outside the store. DE 41, at 8-9.  This policy expressly provides that these forms should be used to "[r]equest payment for . . . when an associate may be called on his/her day off." *Id*. at 9.  Indeed, Russ, Barrett, and numerous other supervisors admitted that they used these forms to be paid for time spent answering texts, calls, and emails at home. *Id*.  Home Depot further contends that class treatment is improper, based on the declarations of numerous department supervisors, who consistently reported that they have not worked off the clock and

2

have been paid for their working time, and the deposition testimony of plaintiffs. *See generally* DE 41.

Based on discussion of the merits of plaintiffs' individual and collective action claims, the parties reached a preliminary settlement on August 19, 2015. Keapproth decl. ¶ 4. This agreement was reached after arm's-length negotiations, where each party made several settlement proposals before reaching agreement. *Id*. In September 2015, the parties executed a settlement agreement, a copy of which has been provided to the Court for *in camera* review. *Id*., ¶ 5. The settlement agreement resolves all plaintiffs' individual claims through the date that plaintiffs executed the agreement.[1]

II.     THE COURT SHOULD APPROVE THE PARTIES' SETTLEMENT

The settlement of FLSA claims must either be approved by a court or supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores*, 679 F.2d at 1353. Courts may approve an FLSA settlement after "scrutinizing the settlement for fairness" and determining that it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *See Lynn's Food Stores,* 679 F.2d at 1353, 1355. "A settlement entered into in an adversarial context where both sides are represented by counsel throughout litigation 'is more likely to reflect a reasonable compromise of disputed issues.'" *Cruz v. RW Installation Inc*., No. 15-20981-CIV, 2015 U.S. Dist. LEXIS 85660, at *1-2 (S.D. Fla. Jul. 1, 2015), *quoting id*.; *see also Mendez v. City of Sweetwater Police Dep't,* No. 14-23058-CIV, 2014 U.S. Dist. LEXIS 155782, at *1-2 (S.D. Fla.

---

[1]  The parties fully briefed the issue of conditional certification, which was pending at the time the parties reached an agreement to resolve the individual claims of the named plaintiff and the three opt-in plaintiffs. The motion for conditional certification has been denied as moot. DE 60.

3

Nov. 4, 2014). Courts may approve such FLSA settlements "in order to promote the policy of encouraging settlement of litigation." *Id*. at *2.

Here, a bona fide dispute exists. Plaintiffs claim that they were not paid for time spent answering phone calls, texts messages, and emails at home. Home Depot asserts that plaintiffs have been paid for all such time, as required by its policies. Home Depot further contends that plaintiffs' time and pay records, and the testimony of other witnesses, demonstrate that no FLSA violation has occurred. Therefore, the parties disagree on whether plaintiffs are owed any back wages, creating a bona fide dispute of their FLSA claims. *Cruz*, 2015 U.S. Dist. LEXIS 85660, at *2; *Mendez*, 2014 U.S. Dist. LEXIS 155782, at *2.

Second, the settlement is fair and reasonable. The parties have taken into account the uncertainty and risks in litigation and the costs that each party will incur if litigation continues. The parties have concluded that it is mutually beneficial to resolve the litigation as provided in the attached agreement.

The parties engaged in arm's-length and good-faith negotiations and reached a mutually agreeable settlement to resolve plaintiffs' individual claims. Plaintiffs had considerable information to permit a thorough analysis of their claims, their potential damages, and the likelihood that they could prevail on their class allegations. Rosenberg decl. ¶ 4. Plaintiffs have fully considered the value of their claims and the possibility that their claims would not be conditionally or finally certified for class treatment and that they would not prevail at trial. *Id*., ¶ 5. Based upon these considerations, the plaintiffs concluded that the proposed settlement provides a fair and reasonable resolution of their claims. *Id*. Defendants support this result, since it eliminates the uncertainties, risks, and costs of further litigation. Keapproth decl. ¶ 6.

4

Finally, courts also assess the reasonableness of attorneys' fees included in an FLSA settlement.  *See Mendez v. Millpond Farm, Inc.*, No. 15-60366-CIV, 2015 U.S. Dist. LEXIS 81909, at *3 (S.D. Fla. June 24, 2015); *Elizabett v. Chi. Motors, Inc.*, No. 14-22227-CIV, 2014 U.S. Dist. LEXIS 130225, at *3 (S.D. Fla. Sept. 17, 2014).  Courts have found attorneys' fees and costs to be reasonable where plaintiffs' counsel recovers less than the fees and costs actually incurred in the litigation.  *See Mendez*, 2015 U.S. Dist. LEXIS 81909, at *3; *Elizabett*, 2014 U.S. Dist. LEXIS 130225, at *3.

Here, the portion of the settlement allocated to attorneys' fees and costs is reasonable, because it is far less than the time and expense incurred by plaintiffs' counsel in pursuit of this litigation.  Indeed, plaintiffs' counsel have incurred more than $98,000 in fees and $11,000 in costs during the course of this litigation.  Rosenberg decl. at ¶ 6.  Among other activities, these fees and costs include:  preparation for, travel to, and attendance at four depositions; preparation and appearance at two discovery hearings; drafting of numerous briefs and oppositions; and review of thousands of pages of discovery.  *Id*.  The settlement provides fees and expenses that are significantly less that the fees and expenses actually incurred in this action.  *Id*.  Thus, the allocation of attorneys' fees and costs is fair and reasonable.  *See Mendez*, 2015 U.S. Dist. LEXIS 81909, at *3; *Elizabett*, 2014 U.S. Dist. LEXIS 130225, at *3.

III.     CONCLUSION

Therefore, the parties jointly request that the Court approve their settlement agreement as fair and reasonable and dismiss this action with prejudice.

Dated:  September 21, 2015

Respectfully submitted,

/s/  *Susan N. Eisenberg*
Susan N. Eisenberg
Florida Bar No. 600393
AKERMAN LLP
1 S.E. 3rd Avenue, 28th Floor
Miami, FL  33131
Tel:  (305) 374-5600
E-mail: susan.eisenberg@akerman.com

and

Joel M. Cohn (*pro hac vice*)
Ashley J. Keapproth (*pro hac vice*)
AKIN GUMP STRAUSS
HAUER & FELD LLP
1333 New Hampshire Ave., NW
Washington , DC 20036
Tel:  (202) 887-4000
E-mail:  jcohn@akingump.com
E-mail:  akeapproth@akingump.com

Counsel for defendant Home Depot U.S.A.

 /s/ *R. Edward Rosenberg*
R. Edward Rosenberg, Esq.
MORGADO, P.A.
382 NE 191st Street, Suite 84164
Miami, FL 33132
Tel:  (305) 222-7850
Email:  rer@morgado.us

Dale James Morgado, Esq.
MORGADO, P.A.
228 Park Avenue S., Suite 84164
New York, NY 10003
Tel:  (855) 899-9121
Email:  djm@morgado.us

Counsel for plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the parties' Joint Motion to Approve the Settlement Agreement and Dismissal with Prejudice was electronically filed with the Clerk of the Court using CM/ECF this 21st day of September, 2015.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List via transmission of Notice of Electronic Filing generated by CM/ECF.

                                            /s/  R. Edward Rosenberg
                                            R. Edward Rosenberg, Esq.